## Burke v. Continental Fire Insurance Company.

*Practice, C. P.—Statement of claim—Failure to attach copy of contract—Motion to strike off—Act of May 14, 1915—Affidavit of defence.*

1. Where, in an action on an insurance policy, plaintiff fails to attach a copy of the policy to his statement of claim, alleging that it has been lost, the defendant cannot, seventeen days after the statement has been served upon it, move to strike it off.

2. The Act of May 14, 1915, P. L. 483, is imperative that such motion must be made within fifteen days after the service.

3. In such a case, the defendant, when it comes to file its affidavit of defence on the merits, may attach a copy of the policy to its affidavit, so that the record will not be lacking for want of the information that the policy contains.

Motion to strike off the plaintiff's statement of claim. C. P. Schuylkill Co., March T., 1925, No. 600.

*M. A. Kelker,* for plaintiff; *Karl Wagner,* for defendant.

Koch, J., June 14, 1926.—The defendant, through its counsel, filed a so-called affidavit of defence, and concluded the affidavit by asking "that the plaintiff's statement be stricken from the record, for the reason that it is not specific and does not sufficiently set forth the plaintiff's cause of action, as required by the Practice Act of 1915." We will, therefore, treat this affidavit of defence as a motion to strike the plaintiff's statement of claim from the record, in accordance with the provisions of section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended May 23, 1923, P. L. 325.

The plaintiff failed to attach to his statement of claim a copy of the policy of insurance upon which he has brought suit, his reason for such failure, as set out in his statement of claim, being that the policy is a "standard form of policy of the defendant company, which is now lost, and, after diligent search, cannot be located by plaintiff." But that fact does not excuse the plaintiff from attaching to his statement of claim a copy of the contract on which he sues. The Practice Act distinctly provides that, "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defence, as the case may be." But this motion is made too late. The statement of claim was filed on March 23, 1925, and served Aug. 28, 1925, and

the affidavit of defence was filed Sept. 14, 1925, whereas the act provides that a motion to strike from the record any pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after the copy of such pleading shall have been served upon the opposite party or his attorney.

An examination of the record in the case shows that seventeen days intervened between the service of the copy of the plaintiff's statement and the filing of the so-called affidavit of defence. We know of no rule that allows us to disregard the provisions of section 21 of the Practice Act, as amended, requiring this motion to have been made within fifteen days. The defendant's counsel offered to give to the plaintiff a copy of the insurance policy, so as to enable it to make a new pleading and attach a copy to the same. However, when it comes to filing its affidavit of defence to the merits, the defendant may attach a copy of the policy to its affidavit of defence, so that the record will not be lacking for want of the information that the policy contained. We have no jurisdiction to entertain this motion to strike off. The Act of March 21, 1806 (see plac. 5, 1 Purd. 271), requires that, "where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said act shall be strictly pursued."

The request must, therefore, be denied, or, in other words, the motion must be overruled. But in overruling the motion we may allow an amendment or new pleading to be filed under such terms as we direct.

The request is refused, and defendant is allowed fifteen days within which to file an affidavit of defence to the merits, upon condition that it shall attach a copy of the policy to such affidavit of defence.

From M. M. Burke, Shenandoah, Pa.